UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VINCENT A. CHINGMAN,**

      **Plaintiff,**

                        Civil No: 2:09-CV-15001
                        HONORABLE NANCY G. EDMUNDS
**v.**                        UNITED STATES DISTRICT COURT

**ROBERT CURRIE, et. al.,**

      **Defendants.**
_____/

**OPINION & ORDER OF SUMMARY DISMISSAL**

**I. Introduction**

Vincent A. Chingman, ("Plaintiff"), presently confined at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the complaint is dismissed for failing to state a claim upon which relief can be granted.

**II. Complaint**

On September 25, 2001, plaintiff pleaded guilty in the United States District Court for the Eastern District of Michigan to one count of possession with intent to distribute 500 or more grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). In exchange for his plea of guilty, the United States Attorney dismissed two additional counts against him. On January 25, 2002, Judge David M. Lawson

1

sentenced plaintiff to 262 months in prison. *See United States v. Chingman,* U.S.D.C. No. 01-20010 (E.D. Mich.)(Lawson, J.).

Plaintiff's conviction was affirmed on appeal. *United States v. Chingman,* 89 Fed. Appx. 504 (6th Cir. 2004).

Plaintiff then filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. Magistrate Judge Charles E. Binder issued a report recommending that plaintiff's motion be granted in part, that an evidentiary hearing be held to determine the personal use quantity of the total cocaine seized, and that plaintiff be re-sentenced accordingly. In so ruling, Magistrate Binder concluded that plaintiff's defense counsel may have been ineffective for failing to ask Judge Lawson to remove the amount of cocaine that plaintiff had set aside for his own personal use from the quantity attributed to the charge of possession with intent to distribute cocaine. *See United States v. Chingman,* No. 2006 WL 5003567, * 8-11 (E.D. Mich. September 1, 2006)(Binder, M.J.).

Although the government and plaintiff initially filed objections to the report and recommendation, both sides later came to an agreement to resolve plaintiff's motion to vacate sentence. The government agreed that the motion should be granted and that plaintiff's conviction should be vacated. The parties then negotiated a new Rule 11 plea agreement. In response, Judge Lawson adopted the recommendation of Magistrate Charles E. Binder and granted in part plaintiff's motion to vacate sentence. *See United States v. Chingman*, No. 2007 WL

3408466 (E.D. Mich. November 15, 2007).  The new Rule 11 plea agreement called for plaintiff to plead guilty to a lesser offense of possession with intent to distribute less than 500 grams of cocaine.  The parties also agreed that plaintiff's guidelines range under the Federal Sentencing Guidelines would be 188-235 months.  Plaintiff entered this plea on November 14, 2007.  On November 30, 2007, plaintiff was re-sentenced to 188 months in prison. [1]

Plaintiff now sues the defendants, claiming that he was denied the effective assistance of counsel by his attorney Robert B. Currie.  Plaintiff seeks monetary damages from the defendants.

### III.  Standard of Review

The Court initially notes that plaintiff's § 1983 lawsuit names the United States District Court and the United States of America as defendants, as well as his attorney who represented him in his trial in the federal district court.  42 U.S.C. § 1983 does not apply to actions against federal officials, because they are not state actors acting under color of state law. *See Halter v. Eichenlaub*, 566 F. Supp. 2d 649, 651 (E.D. Mich. 2008).  However, a plaintiff may file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under the color of federal law. *Id.,* (citing *Bivens v. Six*

---

[1] This Court obtained much of this information from the records of the United States District Court for the Eastern District of Michigan, which this Court is permitted to take judicial notice of. *See United States v. Rigdon,* 459 F. 2d 379, 380 (6th Cir. 1972).  The Court also obtained the citations for plaintiff's various court actions from www.westlaw.com.

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971)). A *Bivens* action is considered the federal counterpart of a Section 1983 action. *Shannon v. General Electric Co*, 812 F. Supp. 308, 322 (N.D.N.Y. 1993). Because plaintiff is alleging that his constitutional rights were violated by persons acting under color of federal law, plaintiff's § 1983 complaint is properly construed as a *Bivens* action. *See Sullivan v. United States,* 90 Fed. Appx. 862, 863 (6th Cir. 2004).

Under the Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should sua sponte dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997). The screening provisions of the PLRA are applicable to *Bivens* actions brought by federal inmates. *See e.g. Plunk v. Givens,* 234 F. 3d 1128, 1129 (10th Cir. 2000); *See also Diaz v. Van Norman,* 351 F. Supp. 2d 679, 680-81 (E.D. Mich. 2005).

4

### IV.  Discussion

Plaintiff's complaint is subject to dismissal because he has failed to state a claim upon which relief can be granted.

To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  The rationale behind *Heck* has been applied to *Bivens* actions brought against federal defendants. *See Lanier v. Bryant,* 332 F. 3d 999, 1005 (6th Cir. 2003); *Robinson v. Jones*, 142 F. 3d 905, 906-07 (6th Cir. 1998).  Although plaintiff's original conviction was vacated or set aside, his subsequent plea of guilty to the lesser offense of possession with intent to distribute less than 500 grams of cocaine stands as a bar, under *Heck,* to this action. *See McNeill v. People of City and State of New York*, 242 Fed.Appx. 777, 778 (2nd Cir. 2007).

In addition, plaintiff's lawsuit against defendant Currie must be dismissed because an attorney does not act under color of federal law when representing a client in a federal criminal case. *See Cox v. Hellerstein,* 685 F. 2d 1098, 1099 (9th Cir. 1982); *See also Stamper v. Bouldin,* 46 Fed.Appx. 840, 841 (6th Cir. 2002). This parallels the rule that conduct of a retained attorney does not rise to the level of "state action" within the meaning of 42 U.S.C. § 1983. *Lemmons v. Law Firm of*

5

*Morris and Morris*, 39 F. 3d 264, 266 (10th Cir. 1994); *Holbird v. Armstrong-Wright*, 949 F. 2d 1019, 1020 (8th Cir. 1991); *Lindsey v. Jansante*, 806 F. Supp. 651, 654 (E.D. Mich. 1992).

Plaintiff's action against the United States District Court for the Eastern District of Michigan and the United States of America must also be dismissed. Absent a waiver, sovereign immunity shields the Federal Government and its agencies from being sued. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1996). A *Bivens* cause of action therefore cannot be brought against the federal government or a federal agency. *Id.* at 483-86. Plaintiff cannot maintain a *Bivens* action against the United States District Court for the Eastern District of Michigan. *See Smith v. Krieger,* 643 F. Supp. 2d 1274, 1294 (D. Colo. 2009). Plaintiff's lawsuit against the United States of America is likewise barred by the doctrine of sovereign immunity. *See Parker v. U.S.,* 197 Fed. Appx. 171, 173, n. 1 (3rd Cir. 2006).

The Court will therefore dismiss the complaint, because plaintiff has failed to state a claim upon which relief can be granted. The Court also denies plaintiff's request to supplement his complaint with a more detailed pleading, pursuant to Fed. R. Civ. P. 15(e). [2] If a complaint falls within the requirements of 28 U.S.C. § 1915(e)(2) when it is filed, a district court should *sua sponte* dismiss the complaint. *McGore,* 114 F. 3d at 612. Moreover, under the Prison Litigation

---

[2] *See* Complaint, p. 2, ¶ 3.

6

Reform Act, a district court has no discretion to amend a complaint to avoid a *sua sponte* dismissal. *Id., See also Warren v. Doe,* 28 Fed. Appx. 463, 464 (6th Cir. 2002).

## V.  CONCLUSION

**IT IS HEREBY ORDERED** that plaintiff''s complaint is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).


        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  January 27, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 27, 2010, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager
: